## THE SEBASTIAN BACH.[*]

### (District Court, E. D. Pennsylvania. March 21, 1882.)

1. CONTRACT—TOWAGE—UNREASONABLE DETENTION.

   In a suit by a tug for the contract price for services, and for damages for detention under a contract for towage services stipulating that the vessel might stop to sheathe, the evidence held not to sustain the allegation of unreasonable delay in sheathing.

2. SAME—WILLINGNESS TO PAY FOR TOWAGE—COSTS.

   It appearing that respondents had been at all times willing to pay the contract price for the towage, the costs were put upon the libellant, notwithstanding the fact that no technical tender had been made.

Libel by the master of the tug Juno against the bark Sebastian Bach, to recover compensation for towage services, and damages for detention. The facts were as follows:

The tug spoke the bark as the latter was entering the capes of the Delaware about noon on January 25, 1881, and it was then agreed between the master of the bark and the master of the tug that the tug should tow the bark to Philadelphia, but that the latter should have the privilege of stopping at the breakwater to sheathe, as the river was full of ice. About an hour afterwards the bark anchored at the breakwater, and during the afternoon obtained and sawed lumber with which the next morning she was sheathed, the work being completed about 11 o'clock A. M. It was then too late in the day to start, and it was resolved to wait until 3 o'clock the next morning, which was done. The tug, on the arrival of the vessel at Philadelphia, presented two bills,— one for the towage service, and one, for $150, for detention, alleging that the bark ought to have had the sheathing completed in time to have started early on the morning of the day after her arrival at the breakwater. The respondent declined to pay for the detention, but was willing to pay the bill for towage, although no formal tender was made.

*H. G. Ward,* for libellant.

*Curtis Tilton* and *Henry Flanders,* for respondent.

BUTLER, D. J. The claim is not sustained by the evidence. At the outset it was rested on an express contract to be ready to start next morning at 3 o'clock. Failing in this it is now put upon an

---

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

implied contract to be ready within a reasonable time, and an allegation that the respondent was not so ready. It certainly was his duty to suffer no unnecessary delay in getting ready. But the evidence fails to show that he did suffer any unnecessary delay. To discuss it would be useless. It is true that the Whiting, which entered the Breakwater near the same time with the "Bach," got ready much earlier—working until about 12 o'clock at night. She was a smaller vessel, however, and had all her preparations made for the work when she entered, while the "Bach" had to seek and procure materials. But that it is not usual to make such haste, and do such work at night, as the Whiting did, would seem to be shown by the libellant's witness Minford, master of the Whiting's tug. He says: "The Whiting sheathed that night, because I told the captain the way the weather was I thought if he would sheathe his vessel that night he would get up without trouble, and make an early start in the morning, which he did." If the habit or custom was to do this work at night, Mr. Minford would have expected it to be done, and said nothing on the subject. He clearly recognized the option of the Whiting to do it or not. That the libellant did not expect the work on the Bach to be done earlier than it was, would seem quite clear from his failure to hurry it up, or complain, at the time.

Although the compensation for towing is included in the suit, the only subject of controversy is the one discussed. The respondent has at all times been willing to pay this compensation, and the libellant has so understood. It is not very important whether a technical tender was made or not. It was the demand for alleged detention, alone, that caused the litigation. While therefore the libellant must have a decree for the towage, the respondent should have costs. He has succeeded as respects the only subject in controversy.